United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30444
Summary Calendar
_____

GWENDOLYN G. CAESAR,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
No. 2:04-CV-1989
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gwendolyn Caesar appeals the dismissal, without prejudice, for
failure to exhaust, of her action for Social Security disability
benefits. A Social Security claimant must exhaust administrative
remedies before seeking review in federal court. Sims v. Apfel,
530 U.S. 103, 107 (2000); see also 20 C.F.R. §§ 404.900(a)(5),

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

(b), 416.1400(a)(5), (b); 42 U.S.C. § 405(g) (providing for judicial review of "final" administrative decisions).

There is no dispute that Caesar's claim was before a Social Security Administrative Law Judge ("ALJ") when she filed the instant action, and it apparently still is pending. Caesar nonetheless contends that the order from the Social Security Appeals Council remanding to the ALJ is appealable as a "final decision" under 20 C.F.R. § 404.984(b)(3).

That regulation pertains to Appeals Council action following a remand from federal court and provides:

> If the Appeals Council assumes jurisdiction, it will make a new, independent decision based on its consideration of the entire record affirming, modifying, or reversing the decision of the administrative law judge <u>or</u> remand the case to an administrative law judge for further proceedings, including a new decision. <u>The new decision of the Appeals Council is the final decision of the Commissioner after remand</u>.

20 C.F.R. § 404.984(b)(3) (emphasis added). Caesar contends that the final sentence of subsection (b)(3) means literally that the decision of the Appeal Council is "final" even though the decision merely remands to the ALJ for further consideration.

We reject Caesar's proposed reading of the regulation, because doing so would produce "an absurd result in clear violation of the intent of the drafters" in the context of exhaustion requirements. See <u>KCMC, Inc. v. F.C.C.</u>, 600 F.2d 546, 549 (5th Cir. 1979). The phrase "new decision of the Appeals Council" in the final sentence refers only to the council's first alternative of making of its own "new, independent decision," not its second alternative of remand-

ing for further consideration by the ALJ.

The judgment is AFFIRMED.